The Russell Company *v.* Berch

No. 40503          May 6, 1957          94 So. 2d 797

*Wells, Thomas & Wells, Roland D. Marble,* Jackson, for appellant.

*W. M. Broome,* Crystal Springs, for appellee.

HALL, J.

The appellant is engaged in the wholesale grocery business and the appellee is engaged in the retail grocery business. Appellant filed suit against the appellee for the recovery of an alleged balance of $798.42 due it by the appellee. The case was submitted to a jury and a verdict was returned in favor of the appellee and judgment entered thereon denying the claim. Appellee's defense was that she had paid the account sued upon. Both the appellee and her husband testified that the account was paid in cash to the traveling salesman for the appellant. In fact, according to the record, the appellee had no bank account. She had made twenty-six different payments to the salesman who was authorized to accept the same. These extended from November 22, 1954, through May 27, 1955. These payments ranged from $44.26 to $308.31 and were all in cash. The credit manager for appellant testified that the payment of $798.42 was never received by the company. The salesman testified that the payment was never made to him. These are all of the witnesses in the case.

After the verdict the appellant made a motion for a new trial which was overruled, and the only error assigned here is that the verdict is contrary to the overwhelming weight of the evidence, for which reason the motion for a new trial should have been sustained.

Issues such as here presented are solely for the determination of a jury. In this case the jury had the opportunity of seeing and observing the witnesses as they testified and so did the circuit judge who overruled the motion for a new trial. We are unable to say that the verdict is contrary to the overwhelming weight of the evidence, and since this is the only contention of appellant it follows that the judgment of the lower court should be affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge,* and *Gillespie, JJ.,* concur.